IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

BRANDON CHAUDOIN,

Case No.

Plaintiff,

vs.

PFS WEB, INC. d/b/a PRIORITY FULFILLMENT SERVICES, INC.,

Defendant.
______________________________/

**VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Brandon Chaudoin (hereinafter "Plaintiff"), files this action against Defendant, PFS Web, Inc. d/b/a Priority Fulfillment Services, Inc. (hereinafter "PFS Web" or "Defendant") for unpaid minimum wage and overtime compensation, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA").

**NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum wage on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure

restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This action is brought by Plaintiff under the FLSA to recover unpaid minimum wage and overtime compensation, liquidated damages and reasonable attorney's fees and costs from Defendant.

**JURISDICTION**

3. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended 29 U.S.C. §201, *et seq*. to recover unpaid overtime compensation, an additional equal amount as liquidated damages and reasonable attorney's fees and costs.

4. The United States District Court for the Western District of Tennessee has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. §1331 because this suit raises federal questions under the FLSA.

5. The jurisdiction of the Court over this controversy is proper pursuant to 29 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

**VENUE**

6. Venue lies properly within this Court under 28 U.S.C. §§1391(b)(1) and (c)(2), because the State of Tennessee has personal jurisdiction over Defendant and Defendant therefore "resides" in Tennessee.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Plaintiff either worked for Defendant within this district during the relevant time period subject to this Complaint and/or Defendant maintained a business operation within this district.

8. Since a substantial part of the acts complained of herein were committed and had their principal effect against Plaintiff within this jurisdiction; venue is proper in this Court

pursuant to 28 U.S.C. §1391.

**PARTIES**

9. At all material times hereto, Defendant, PFS Web is a for-profit corporation who operates and conducts business in Memphis (Shelby County), Tennessee and is headquartered in Allen (Collin County), Texas.

10. Upon information and belief, Plaintiff is, was and continues to be a resident of Atoka (Tipton County), Tennessee and worked as a security guard for Defendant in Memphis (Shelby County), Tennessee.

**COVERAGE**

11. At all material times hereto (2016-2019), Plaintiff was an "employee" within the meaning of the FLSA.

12. At all material times hereto (2016-2019), Defendant was the "employer" within the meaning of the FLSA.

13. Based upon information and belief, Defendant earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto.

14. At all material times hereto (2016-2019), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

15. At all material times hereto (2016-2019), Defendant was, is and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

16. At all material times hereto (2016-2019), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

17. At all material times hereto (2016-2019), Defendant employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more

employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

18. At all material times hereto (2016-2019), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

a) Operated instrumentalities of commerce;

b) Transported goods in commerce;

c) Used channels of commerce;

d) Communicated across state lines; and/or

e) Performed work essential to any of the preceding activities.

19. Defendant and its officers and agencies are responsible under the United States Constitution, federal law and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

20. At all material times hereto (2016-2019), the work performed by Plaintiff was directly essential to the operations performed by Defendant.

21. At all material times hereto (2016-2019), Defendant failed to comply with 29 U.S.C. §§201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those all hours worked in excess of forty (40) within a work week.

22. Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff, are in the possession, custody and control of Defendant.

## FACTUAL ALLEGATIONS

23. Defendant, PFS Web is an order fulfillment company managed by its CEO, Mike Willoughby and is located at 4638 E. Shelby Dr. (Shelby County), Tennessee.

24. Plaintiff, Brandon Chaudoin worked as a security guard at the Memphis, Tennessee location for Defendant.

25. Plaintiff worked in this capacity from approximately August 2015 through the present.

26. Plaintiff was paid $13.86 per hour in exchange for work performed.

27. Plaintiff worked over forty (40) hours per work week on a regular basis.

28. Plaintiff was consistently deducted at least a half-hour each day to ensure that he was not paid for a lunch regardless whether or not he was able to take lunch.

29. Defendants failed to pay Plaintiff proper minimum wage and overtime compensation at a rate of time-and-one-half his regular rate of pay for all hours worked over forty (40) in a week.

## COUNT I - RECOVERY OF MINIMUM WAGES

30. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 above.

31. Plaintiff is/was entitled to be paid at least minimum wage for each hour worked during his employment with Defendants.

32. Defendant maintained a strict policy of deducting a half-hour each day for a lunch time that Plaintiff was not able to take.

33. During his employment with Defendant, Plaintiff was not paid at least the minimum wage for some hours worked during one or more workweeks.

34. Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant has refused and/or failed to compensate him for same. As a result of Defendant's actions in this regard, Plaintiff has not been paid at least the minimum wage for each hour worked during one or more weeks of his employment with Defendant.

35. Defendants willfully failed to pay Plaintiff at least minimum wage for one or more weeks of work contrary to 29 U.S.C. §206.

36. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant and has incurred reasonable attorney's fees and costs.

37. Plaintiff demands judgment against Defendant for the payment of all minimum wage pay for which Defendant did not properly compensate him, liquidated damages, or if liquidated damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorney's fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

**COUNT II - RECOVERY OF OVERTIME COMPENSATION**

38. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 above.

39. Defendant reduced Plaintiff's hours each week thereby avoiding payment of proper overtime compensation.

40. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

41. Plaintiff regularly worked over forty (40) hours per week.

42. Despite working more than forty (40) hours in any given week, Defendant failed

to pay Plaintiff proper overtime compensation at a rate of time-and-one-half his regular rate of pay for hours worked over forty (40).

43. In addition, Defendant did not maintain and keep accurate time records for Plaintiff as required by the FLSA.

44. Also, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

45. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for some hours worked in excess of forty (40) per work week, Plaintiff has suffered damages plus incurring reasonable attorney's fees and costs.

46. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

47. Plaintiff demands judgment against Defendant for the payment of all hours worked by him at one-and-one-half times his regular rate of pay for which Defendant did not properly compensate him, liquidated damages, or if liquidated damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorney's fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

48. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Brandon Chaudoin respectfully requests that judgment be entered in his favor against Defendant, PFS Web, Inc. d/b/a Priority Fulfillment Services, Inc.:

a) Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the provisions of the FLSA;

b) Awarding Plaintiff minimum wage and overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

c) Awarding Plaintiff liquidated damages in an amount equal to the above award;

d) Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e) Awarding Plaintiff pre-judgment interest;

f) Ordering any other further relief the Court deems just and proper.

DATED, this the ____ day of November, 2019.

Respectfully submitted,

BRANDON CHAUDOIN, PLAINTIFF

***/s/ Chanelle J. Ventura***

Chanelle J. Ventura
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: (954) 318-0268; Fax: (954) 327-3013
Email: CVentura@forthepeople.com

*Counsel for Plaintiff*

**STATE OF TENNESSEE**

**COUNTY OF __________________**

I, BRANDON CHAUDOIN, declare under penalty of perjury, pursuant to 28 U.S.C. §1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

**DATE**: __________________

____________________________________________

**BRANDON CHAUDOIN, PLAINTIFF**